Daniel C. Green (ISB No. 3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON, PLLP
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

*Attorneys for Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:  PARADIGM PROPERTY SOLUTIONS, LLC,  Debtor. | Case No. 18-00850-JMM  (Chapter 7) |
|---|---|
| GARY L. RAINSDON, as Trustee of the Bankruptcy Estate of Paradigm Property Solutions, LLC,  Plaintiff.  v.  CITY OF REXBURG, Idaho, a Municipal Corporation,  Defendant. | Adversary Case No. |

**ADVERSARY COMPLAINT**

Gary L. Rainsdon, the duly appointed and acting Chapter 7 Trustee of the Debtor herein ("Plaintiff" or "Trustee") and pursuant to Federal Rule of Bankruptcy Procedure 7001 and for his causes of action against the above-named Defendant, hereby states and alleges as follows:

**ADVERSARY COMPLAINT** – Page 1

## JURISDICTION AND PARTIES

1. This adversary proceeding arises under Title 11 of the United States Code and arises in or is related to the captioned Chapter 7 case now pending in the United States Bankruptcy Court for the District of Idaho as Case No. 18-00850-JMM.

2. On June 29, 2018 (the "Petition Date"), a voluntary petition under Chapter 7 of Title 11 of the United States Code was filed by Paradigm Property Solutions, LLC (the "Debtor"). Plaintiff is the duly appointed and acting trustee of the bankruptcy estate of the Debtor.

3. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 11 U.S.C. §§ 105, 542, 548, 550 and 28 U.S.C. §§ 157, 2201, and 1334 and pendant jurisdiction over related state law claims hereinafter set forth, all pursuant to the standard order of reference entered in this District.

4. The Trustee believes the 11 U.S.C. § 542 claim being pursued in this adversary case is a "Core Proceeding" pursuant to 28 U.S.C. § 157 and related authority. The Trustee believes that the 11 U.S.C. § 548 claims being pursued in this adversary case are also core proceedings pursuant to 28 U.S.C. § 157 and related authority. The Trustee recognizes that 11 U.S.C. § 548 claims may be deemed "unconstitutionally core proceedings," and the Trustee expressly consents to the Bankruptcy Court entering final orders and judgments on all claims in this proceeding.

5. Upon information, at all times herein, the Defendant, City of Rexburg ("Rexburg") was an Idaho municipal corporation.

## FACTUAL BACKGROUND

6. Upon information, on June 22, 2018, the Debtor transferred from a bank account of Debtor to Rexburg the cash sum of $12,494.39 (the "Transfer of Funds").

7. Upon information and belief, the Transfer was in payment of a debt that was not owed by Debtor.

8. Upon information and belief, the Transfer of Funds was in payment of a debt owed by Ronald Jaques or Rentmaster of Rexburg.

9. The Debtor's Petition and Schedules reflect that on the date of the Transfer of Funds, seven days prior to the Petition Date, the Debtor was woefully insolvent.

## FIRST CAUSE OF ACTION
(Fraudulent Transfer – 11 U.S.C. § 548(a)(b))

10. The Trustee realleges the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.

11. Debtor made and initiated the Transfer of the Funds to the Defendant within two (2) years of the Petition Date.

12. Debtor transferred the Funds with the actual intent to hinder, delay or defraud its creditors.

13. Alternatively, Debtor transferred the Funds at a time when it was insolvent or became insolvent as a result of the Transfer of the Funds.

14. The Defendant did not provide anything of value to the Debtor in exchange for the Transfer of the Funds.

15. The Debtor received less than reasonably equivalent value in exchange for the Transfer of the Funds to the Defendant.

16. The Transfer of the Funds to the Defendant was fraudulent and the Trustee may avoid the transfer and recover the Funds pursuant to 11 U.S.C. §§ 548 and 550.

## SECOND CAUSE OF ACTION
(Idaho UFTA Fraudulent Transfer Avoidance – 11 U.S.C. §§ 544(b) and 550 and Idaho Code § 55-913, et seq.)

17. The Trustee realleges the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.

18. Debtor made and initiated the Transfer of the Funds to the Defendant within four (4) years of the Petition Date.

19. The Debtor received less than a reasonably equivalent value in exchange for the Transfer of the Funds to the Defendant.

20. The Debtor transferred the Funds when it (i) was engaged or about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (ii) when the Debtor intended to incur, or believed or reasonably should have believed, that it would incur debts beyond its ability to pay as the debts became due.

21. The Transfer of the Funds was fraudulent under Idaho Code §§ 55-913 and 55-914.

22. The Debtor lists multiple unsecured creditors in Schedule F attached to its Petition. Upon information and belief, any of those unsecured creditors would possess standing to pursue a fraudulent transfer claim under Idaho Code §§ 55-913 and 55-914 to avoid the Transfer of the Funds.

23. Accordingly, pursuant to Idaho Code § 55-916 as incorporated by 11 U.S.C. § 544(b) and 11 U.S.C. § 550, the Trustee may avoid the Transfer of the Funds and recover said Funds for the benefit of the bankruptcy estate.

24. Based on the forgoing, the Trustee requests that the Court order that Transfer of the Funds may be avoided by the Trustee and that the Trustee may recover the Debtor's interest in the Funds.

### THIRD CLAIM FOR RELIEF
(Turnover of Property of the Estate Under 11 U.S.C. § 542)

25. The Trustee reasserts the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.

ADVERSARY COMPLAINT – Page 4

26. The Funds are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541 and is property that the Trustee can use, sell, or lease under 11 U.S.C. § 363.

27. The Defendant is believed to have possession, custody or control of the Funds or had possession, custody, or control of the Funds following the Petition Date.

28. Therefore, the Defendant should be ordered to deliver the Funds to the Trustee, and account for the Funds.

### FOURTH CLAIM FOR RELIEF
(Costs, Attorney's Fees and Other Relief)

26. The Trustee realleges the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.

27. The Trustee is entitled to recover from the Defendant the costs and expenses incurred in connection with bringing this adversary proceeding, including all reasonable attorney's fees as well as any other relief, legal or equitable, pursuant to applicable state law, contract, as a commercial transaction, or as otherwise as the Court determines is appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, based upon the foregoing paragraphs, demands judgment against the Defendants on the estates claims for relief as follows:

A. On Plaintiff's First Claim for Relief, for an order pursuant to 11 U.S.C. §§ 544(b) and 550 and Idaho Code § 55-913, et seq. avoiding and recovering for the estate from the Defendants the Debtor's interest in the Funds transferred and ordering the Defendants to take all steps necessary to effectuate the transfer of the estate's interest in the Funds to the Trustee.

B. On Plaintiff's Second Claim for Relief, for an order pursuant to 11 U.S.C. §§ 548 and 550, avoiding and recovering for the estate the Debtor's interest in the Funds and an order requiring Defendants take all steps necessary to transfer the Funds to the Trustee, or in the alternative, a money judgment for the value of the Funds.

ADVERSARY COMPLAINT – Page 5

      C.      On Plaintiff's Third Claim for Relief, for an order pursuant to 11 U.S.C. § 542 requiring the Defendants to deliver the Funds to the Trustee.

      C.      On Plaintiff's Fourth Claim for Relief, for costs and expenses, including attorney's fees, associated with bringing and prosecuting this adversary proceeding; and

      D.      For such further and other legal and equitable relief to which this Court determines Plaintiff is entitled.

DATED this 24th day of April, 2020.

                                          RACINE OLSON, PLLP

                                          By: /s/ Daniel C. Green
                                              DANIEL C. GREEN